## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARBARA SORBER, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | DOCKET NO: 2:21-cv-1531 |
| vs. | : | |
| | : | |
| SPRING CITY ELECTRICAL | : | **COMPLAINT AND JURY DEMAND** |
| MANUFACTURING; and JOHN DOES 1-5 | : | |
| AND 6-10, | : | *Electronically filed* |
| | : | |
| Defendants. | : | |

Plaintiff, Barbara Sorber ("Plaintiff"), residing in the State of Pennsylvania, by way of Complaint against the Defendants, says:

### Preliminary Statement

This matter is brought by Plaintiff to remedy violations of the Family Medical Leave Act ("FMLA"), the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA").

### Jurisdiction and Venue

1. Jurisdiction of the court is invoked pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. § 1331, 28 U.S.C. § 1332 and pursuant to the Court's supplemental jurisdiction, 28 U.S.C. § 1367.

2. Venue is proper within this district pursuant to 28 U.S.C. § 1391 because all parties reside within the district.

### Identifications of Parties

3. Plaintiff Barbara Sorber resides in Spring City, Pennsylvania, and, at all relevant times herein, was an employee of the Defendants.

4.      Defendant Spring City Electric Manufacturing ("Defendant") is a corporation doing business at 1 South Main Street, Spring City, Pennsylvania, 19475, and, at all relevant times herein, was the employer of Plaintiff.

5.      Defendants John Does 1-5 and 6-10, currently unidentified are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superio*r, are answerable to the Plaintiff in this matter.

### Exhaustion of Administrative Remedies

6.      Plaintiff exhausted her administrative remedies by filing a Complaint encompassing all claims herein under the ADA and PHRA with the Equal Employment Opportunity Commission ("EEOC"), which Complaint was dual-filed with the Pennsylvania Human Relations Commission ("PHRC"), and for which Complaint the EEOC issued a "Right to Sue" Notice closing its investigation on March 5, 2021, less than ninety (90) days prior to filing this Complaint.

### General Allegations

7.      Plaintiff first became employed by the Defendants in or around 2007.

8.      For over ten years, until October 12, 2020, Plaintiff worked as a full-time Accounting Assistant for the Defendants.

9.      Throughout the course of her employment, Plaintiff performed up to and/or in excess of the reasonable expectations of her employers.

10.     On or about March 20, 2020, Plaintiff received results from an MRI scan revealing growth of a tumor in the left frontal lobe of her brain and was referred to a Neurosurgeon to discuss treatment options.

11.     These treatment options included radiation treatment and brain surgery.

12.     At this time, the Defendants had closed its operations pursuant to the Executive Order issued by Governor Wolf on or about March 19, 2020, mandating that all non-essential businesses in Pennsylvania close due to the outbreak of COVID-19.

13.     On or about March 30, 2020, the Defendants notified its employees that it had obtained "essential business status", and that all employees, including Plaintiff, were required to return to work onsite.

14.     Plaintiff contacted the Defendants' Human Resources Manager, Sarah Peles, to discuss the results of Plaintiff's MRI, and to let Ms. Peles know that Plaintiff would require additional medical assessment, treatment and potential neurosurgery to treat her condition and that Plaintiff needed to limit her exposure to COVID-19 to give her treatment the best chance of success.

15.     Plaintiff also discussed her medical condition, need for reasonable accommodation for additional medical treatment and limiting her exposure to COVID-19 with the Defendants' Chief Financial Officer, Tom Harris, who was Plaintiff's direct supervisor.

16.     Plaintiff therefore made the Defendants aware of her disability, as that term is defined under the ADA and PHRA, and need for reasonable accommodations, thereby engaging in protected activity under the ADA and PHRA.

17.     Initially, Mr. Harris and Ms. Peles agreed to share the in-office responsibilities with Plaintiff so that Plaintiff could limit her work in the office to two days per week, and allowing her work remotely the other three days per week, beginning on April 6, 2020.

18.     On or about May 13, 2020, the Defendant's Owner, Alan Brink, sent an email notification that one of the Defendant's employees had tested positive for COVID-19 and had been hospitalized.

19.     On or about May 15, 2020, Plaintiff's supervisor told her that she was to begin a new assignment working for the Sales Department that was to begin on May 18, 2020.

20.     Plaintiff's supervisor further told her that this assignment would require her to be in the office physically on one additional day each week.

21.     Plaintiff requested that the Defendants continue the accommodation that allowed her to limit her working on-site to two days per week due to her on-going medical condition and treatment.

22.     Plaintiff supported her request for accommodation by providing medical documentation from her doctor as requested by her supervisor.

23.     Plaintiff's doctor requested in this note that Plaintiff be permitted to keep working from home three days per week to limit her exposure to COVID-19 as Plaintiff would be undergoing extensive medical treatment beginning on July 7, 2020 at Penn Medicine.

24.     The treatment Plaintiff was scheduled to undergo in July 2020 was gamma radiation treatment.

25.     The goal of the gamma radiation treatment was to attempt to reduce the size of Plaintiff's brain tumor without surgery.

26.     On or about June 1, 2020, Defendant's HR Manager denied Plaintiff's request for accommodation and further told Plaintiff that office staff would start reporting to the office for work five days per week beginning on June 8, 2020.

27.     Plaintiff's gamma radiation treatment was pushed back to July 14, 2020, and Plaintiff informed both the HR Manager and her supervisor that she was having this procedure.

28.     Neither Defendants' HR Manager nor Plaintiff's supervisor, nor anyone else working for the Defendants advised Plaintiff of her rights under the FMLA.

29.     Plaintiff used her accrued vacation days so that she could receive the gamma radiation treatment in July 2020.

30.     Unfortunately, the gamma radiation treatment was not successful in reducing Plaintiff's brain tumor.

31.     Plaintiff was advised by her doctors that she would need further treatment and potentially surgery, and would need further assessment and discussion with the neurosurgeon and the radiation oncologist.

32.     On or about July 16, 2020, Plaintiff informed Defendants' HR Manager and her supervisor of the unsuccessful results of her radiation procedure, and the possibility that she would require brain surgery.

33.     Plaintiff told Defendants that she would need extended time off to recover from the surgery.

34.     Still, Defendants failed to inform Plaintiff of her rights under the FMLA.

35.     On or about August 17, 2020, Plaintiff informed Defendants' HR Manager that she would likely require brain surgery and that her doctors would be making that decision soon.

36.     Even still, Defendants failed to inform Plaintiff of her rights under the FMLA.

37.     After further assessment and discussion with her doctors, on or about August 21, 2020, Plaintiff was scheduled to have brain surgery on October 20, 2020.

38.     The scheduler at Penn Medicine asked Plaintiff if she had any FMLA paperwork that needed filling out, and, if so, directed Plaintiff to submit the paperwork to the Penn Medicine portal.

39.     Though Defendants never advised Plaintiff of her FMLA rights, Plaintiff downloaded an FMLA certification form from the United States Department of Labor website and submitted it through her patient portal to Penn Medicine.

40.     Plaintiff had a pre-scheduled vacation from August 24 to August 30, 2020.

41.     Upon her return to work, the Plaintiff was called to a meeting on September 2, 2020, with her supervisor and the HR Manager.

42.     At this meeting, Plaintiff was told that the Defendants were going to start outsourcing the payroll function, and that the Plaintiff's job was going to become a part-time position in approximately eight weeks – the same time that Plaintiff's medical leave was to begin for her brain surgery.

43.     On or about September 4, 2020, Plaintiff spoke with the owner of the Defendants about this switch to a part-time position, and asked about its impact on her compensation and benefits.

44.     The owner asked Plaintiff what she was doing regarding her "health issue" as he used his finger to point to his head.

45.     Plaintiff had never spoken to the owner about her medical condition.

46.     Plaintiff merely responded that these plans were still being finalized.

47.     Plaintiff had still not received anything in writing regarding her FMLA rights from the Defendants.

48.     Plaintiff requested several times that the Defendants provide her FMLA approval in writing.

49.     Finally, on or about September 9, 2020, Defendants' HR Manager texted Plaintiff to say that her FMLA paperwork was fine and that she would talk to Plaintiff later about it.

50.     Plaintiff never received any notice from the Defendants regarding her FMLA rights, eligibility or determination.

51.     On or about September 24, 2020, Plaintiff was called into a meeting with her supervisor and Defendants' HR Manager.

52.     Plaintiff was advised that her position would be changed to part-time, effective October 12, 2020, the week prior to Plaintiff's brain surgery and medical leave.

53.     The part-time position to which Defendants demoted Plaintiff as of October 12, 2020 resulted in a significant reduction in Plaintiff's compensation and benefits, including the total withdrawal of benefits she received for healthcare expenses.

54.     Plaintiff's supervisor was adamant during this meeting that Plaintiff's transition to part-time position must begin on October 12, 2020, the week prior to her medical leave.

55.     Plaintiff asked Defendants' HR Manager about job protection and protection of benefits while on FMLA leave, and was told that her status was changing prior to the beginning of her medical leave.

56.     Plaintiff felt extremely mistreated by Defendants throughout this process, and was caused additional stress, pain, suffering and anxiety prior to beginning her medical leave.

57.     Plaintiff's work time in the days leading up to her medical leave, particularly after the transition to the part-time position on October 12, 2020, was filled with tension, particularly between Plaintiff and her supervisor.

58.     Plaintiff elected to resign from her employment on or about February 3, 2021, rather than return to the hostile environment and diminished position that Defendants had provided her.

59.     At all times relevant herein, Plaintiff had worked for the Defendants for at least twelve months and had worked at least 1,250 hours in the twelve months preceding her first need for medical absence, and, accordingly, was an eligible employee under the FMLA.

60.     At all times relevant herein, the Defendants employed at least 50 employees within a 75-mile radius of Plaintiff's work location for at least 20 workweeks in the year and/or preceding year in which Plaintiff first required medical absence, and, accordingly, Defendants were covered employers under the FMLA.

61.     Despite having notice of Plaintiff's need for medical leave for her own serious health condition under the FMLA, Defendants failed to provide Plaintiff with a notice of her rights regarding same.

62.     Defendants further failed to provide a determination of Plaintiff's eligibility for leave under the FMLA and/or to request any further information they required, if any, to make such determination.

63.     Defendants thereby interfered with Plaintiff's rights under the FMLA.

64.     The Defendants further violated Plaintiff's rights under the FMLA by retaliating against her for her exercise and/or attempted exercise of her rights, in demoting Plaintiff to a part-time position.

65.     A further and/or alternative determinative and/or motivating factor in Plaintiff's demotion was Plaintiff's disability.

66.     A further and/or alternative determinative and/or motivating factor in Plaintiff's demotion was Plaintiff's protected activity under the ADA and PHRA.

67.     A further and/or alternative determinative and/or motivating factor in Plaintiff's demotion was the Defendant's perception held of Plaintiff's disability.

68.     To the extent there is any "mixed motive", Plaintiff need only show that a determinative and/or motivating factor in her demotion was one or more of the reasons set forth above.

69.     As a result of the unlawful conduct outlined above, Plaintiff has been forced to suffer both economic and non-economic harm, including emotional distress.

70.     Because the Defendants' unlawful conduct described above was knowing, purposeful, and intentional, and because the conduct was under taken by members of Defendants upper management, punitive damages are warranted.

## COUNT I

### FMLA Violation – Interference

71.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 70, as though fully set forth herein.

72.     For the reasons set forth above, the Defendants have interfered with Plaintiff's rights under the FMLA such that they are liable.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with economic compensatory damages, non-economic compensatory damages, liquidated damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT II

### FMLA Violation – Retaliation

73.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 72, as though fully set forth herein.

74.     For the reasons set forth above, the Defendants are liable to Plaintiff for unlawful retaliation in violation of the FMLA.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with economic compensatory damages, non-economic compensatory damages, liquidated damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT III

### Disability Discrimination Under the ADA

75.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 74, as though fully set forth herein.

76.     For the reasons set forth above, the Defendants are liable to Plaintiff for disability discrimination in violation of the ADA.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT IV

### Discrimination Based on Perception of Disability Under the ADA

77.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 76, as though fully set forth herein.

78.     For the reasons set forth above, the Defendants are liable to Plaintiff for perception of disability discrimination in violation of the ADA.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT V

### Failure to Accommodate Under the ADA

79.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 78, as though fully set forth herein.

80.     For the reasons set forth above, the Defendants are liable to Plaintiff for failing to accommodate her disability in violation of the ADA.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT VI

### Retaliation Under the ADA

81.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 80, as though fully set forth herein.

82.     Plaintiff was subjected to retaliation after she engaged in protected activity under the ADA, such that the Defendants are liable.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages including emotional distress and personal

hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT VII

### Disability Discrimination Under the PHRA

83.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 82, as though fully set forth herein.

84.     For the reasons set forth above, the Defendants are liable to Plaintiff for disability discrimination in violation of the PHRA.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional distress and personal hardship, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT VIII

### Discrimination Based on Perception of Disability Under the PHRA

85.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 84, as though fully set forth herein.

86.     Plaintiff was subjected to discrimination based on the Defendants perception of her disability such that they are liable under the PHRA.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional distress and personal hardship, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back

pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT IX

### Failure to Accommodate Under the PHRA

87.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 86, as though fully set forth herein.

88.     For the reasons set forth above, the Defendants failed to accommodate Plaintiff's disability in violation of the PHRA such that they are liable.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional distress and personal hardship, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT X

### Retaliation Under the PHRA

89.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 88, as though fully set forth herein.

90.     For the reasons set forth above, the Defendants are liable to Plaintiff for retaliation in violation of the PHRA.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional distress and personal hardship, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT XI

### Request for Equitable Relief

91.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 90 as though fully set forth herein.

92.     Plaintiff requests the following equitable remedies and relief in this matter.

93.     Plaintiff requests a declaration by this Court that the practices contested herein violate Federal law and/or Pennsylvania law as set forth herein.

94.     Plaintiff requests that this Court order the Defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific Plaintiff and as to all other individuals similarly situated.

95.     To the extent that Plaintiff was separated from employment and to the extent that the separation is contested herein, Plaintiff requests equitable reinstatement, with equitable back pay and front pay.

96.     Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the Plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the Plaintiff.

97.     Plaintiff requests that the Court equitably order the Defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

98.     Plaintiff requests that the Court order the Defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

99.     Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, liquidated damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

Respectfully submitted:

**COSTELLO & MAINS, LLC**

By:   _/s/ Drake P. Bearden_

Dated:  March 31, 2021              Drake P. Bearden
                                    Miriam S. Edelstein
                                    18000 Horizon Way, Suite 800
                                    Mount Laurel, NJ 08054
                                    Tel: (856) 727-9700
                                    Fax: (856) 727-9797
                                    dbearden@costellomains.com
                                    medelstein@costellomains.com

## DEMAND FOR A TRIAL BY JURY

Plaintiff, by and through her above signed counsel, hereby demands, pursuant to rule 38(b) over the Federal rules of civil procedure, a trial by jury on all counts in the above – caption action.

**COSTELLO & MAINS, LLC**

By:   _/s/ Drake P. Bearden_
           **Drake P. Bearden**

15

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

BARBARA SORBER

**(b)** County of Residence of First Listed Plaintiff    CHESTER
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

COSTELLO & MAINS, LLC, 18000 HORIZON WAY STE. 800, MT. LAUREL, NJ, 08054, (856) 727-9700

## DEFENDANTS

SPRING CITY ELECTRICAL MANUFACTURING; JOHN DOES 1-10

County of Residence of First Listed Defendant    CHESTER
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                              *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' | Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | Liability | [ ] 368 Asbestos Personal Injury Product | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted | [ ] 340 Marine | Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure Act/Review or Appeal of |
| [ ] 245 Tort Product Liability | [x] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42 U.S.C. § 12101, et seq.), FMLA (29 U.S.C. § 2601, et seq.), PHRA (43 P.S. § 951, et seq.)

Brief description of cause:
Disability discrimination, failure to accommodate, retaliation and interference with rights in employment

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    [x] Yes    [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE    03/31/2021

SIGNATURE OF ATTORNEY OF RECORD    s/ Miriam S. Edelstein, PA Id. No. 204557

**FOR OFFICE USE ONLY**

RECEIPT #_____    AMOUNT_____    APPLYING IFP_____    JUDGE_____    MAG. JUDGE_____

UNITED STATES DISTRICT COURT
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 457 Stony Road, Spring City, PA 19475 _____

Address of Defendant: _____ 1 South Main Street, Spring City, PA 19475 _____

Place of Accident, Incident or Transaction: _____ 1 South Main Street, Spring City, PA 19475 _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes ☐ No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☐

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 03/31/2021 _____ *Attorney-at-Law / Pro Se Plaintiff* _____ 204557 *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
*(Please specify):* ADA, FMLA, PHRA

**B.** *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* ___
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
*(Please specify):* ___

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Miriam S. Edelstein , counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: 03/31/2021 _____ *Attorney-at-Law / Pro Se Plaintiff* _____ 204557 *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| BARBARA SORBER, | : | CIVIL ACTION |
| Plaintiff, | : | |
| vs. | : | |
| | : | |
| SPRING CITY ELEC. | : | NO: 2:21-cv-1531 |
| MANUFACTURING, et al. | : | |
| Defendants. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits. ( )

(c)  Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d)  Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos. ( )

(e)  Special Management – Cases that do not fall into tracks (a) through (d) that are commonly
referred to as complex and that need special or intense management by the court. (See
reverse side of this form for a detailed explanation of special management cases.) ( )

(f)  Standard Management – Cases that do not fall into any one of the other tracks. **(X)**

| | | |
|---|---|---|
| 3/31/2021 | *s/ Miriam S. Edelstein* | Plaintiff, Barbara Sorber |
| **Date** | **Attorney-at-law** | **Attorney for** |
| | | |
| 856-727-9700 | 856-727-9797 | medelstein@costellomains.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02